[No. 3734.]

THE CACHE LA POUDRE RESERVOIR CO. v. THE WINDSOR
RESERVOIR AND CANAL CO.

1. AFFIRMED ON OPINION IN FORMER CASE.
The findings and decree of the lower court are affirmed upon the opinion in the case of *The Water Supply and Storage Co. v. The Larimer and Weld Irrigation Co. et al.*, 24 Colo. 322, as well as upon the evidence in this case.

2. PRACTICE.
Findings of the trial court supported by the evidence are conclusive on review.

3. SAME.
Questions not tried or decided in the lower court will not be considered on appeal.

*Appeal from the District Court of Larimer County.*

Mr. VICTOR A. ELLIOTT and Mr. H. N. HAYNES, for appellant.

Mr. J. W. MCCREERY, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

As expressed by counsel for appellant, plaintiff below, "the object of this suit is to determine which of the two reservoir companies,—the Cache la Poudre or the Windsor, —is entitled to the prior right to impound the waters of the Cache la Poudre river." We might add that such is the sole object. Upon pleadings properly raising the question, there was a trial to the court resulting in a decree awarding to the defendant, The Windsor Reservoir and Canal Company, an original or first appropriation of water for storage in its reservoir as of the date of July 8, 1890, and to the extent of 22.4 feet in depth from the bottom of the outlet of said reservoir, once each year; and a second or additional

appropriation to said defendant as of the date of August 13, 1893, to the further extent and depth in said reservoir of 7.6 feet above the first appropriation of 22.4 feet, "making in all a total appropriation and right to fill its reservoir at all times in the year, when the same will not interfere with the prior appropriators, and to the extent of 30 feet in depth in all."

To the plaintiff reservoir company there was decreed a first appropriation for storage in its reservoir as of the date of March 12, 1892, and to an extent of 27 feet in depth from the bottom of its discharge gate, once each year, and that the same is junior to the appropriation of defendant dated July 8, 1890. A further appropriation was decreed to the plaintiff for storage to the extent of three feet in depth in its reservoir once each year, above the 27 feet of its first appropriation, making in all a depth of 30 feet, and the second appropriation bore date as of the — day of August, 1894.

The appellant vigorously assails this decree in its entirety in so far as any priority is awarded to the defendant reservoir company over the plaintiff. That the work of construction of the defendant's reservoir was first begun is clear,— in fact admitted,—and the principal issue in the case to which the evidence was mainly directed, was whether or not the defendant company with due diligence prosecuted the work of construction, so that, under the doctrine of relation, its priority might attach as of the date of the commencement of work.

Precisely the same question was in issue in the case of *The Water Supply and Storage Co. v. Larimer and Weld I. Co. et al.*, 24 Colo. 322 (51 Pac. Rep. 496), and was decided by this court in favor of the contention of the defendant. That decision was handed down after this case was tried, and after briefs upon this appeal were submitted. Had that decision been rendered before this action was instituted, much time would have been saved to the parties here, the evidence would have been confined to other phases of the case, and much of the argument made upon this appeal

omitted.   The evidence in the case at bar upon this issue of
diligence (which we have carefully considered) is substan-
tially the same as in the other case, and the finding below
upon this evidence is the same here as it was there.   Since
we are of the same opinion now as then as to the correctness
of that finding, we approve of the conclusion reached upon
this trial.   While counsel for appellant still insist that our
former determination was wrong, they admit (as, of course,
they must) that if we adhere to it, the ruling necessarily
goes against their client upon the principal controversy.   As
our adherence thereto is declared, we therefore sustain the
findings and decree of the district court in this case that the
first priority belongs to the defendant.

But the plaintiff argues that, even though the defendant
should have, by relation, any priority senior to the plaintiff,
the court below awarded too large an appropriation upon
such seniority; and, further, that the last priority awarded
to the defendant should have been adjudged junior to the
plaintiff's right to store water in its reservoir to the full
depth of thirty feet.   Complaint is made that the court erred
in not applying the doctrine of relation to the appropriation
of plaintiff the same as to that of the defendant.   Had it
done so, plaintiff maintains that its entire appropriation of
thirty feet would have attached as of the date of March 12,
1892, when it first began work, and would have become senior
to any priority of the defendant dating from 1893, or any
subsequent date.

To determine this contention, we have gone through the
voluminous record, and the result of that examination con-
vinces us that the findings and decree of the trial court are
supported by competent and sufficient legal evidence.   There-
fore, under the general rule of this court so often announced,
those findings are conclusive with us upon this review.
Indeed, we are of the opinion that, under the evidence, the
court might have awarded to the defendant company a prior-
ity to the full extent of the capacity of its reservoir senior
to any appropriation of the plaintiff, and so, if any error

was committed, it was in favor of, and not against, the plaintiff.

There is one further point made that requires consideration. It appears that the head-gate of the Larimer and Weld canal, through which water is taken from the river and thence discharged into the defendant's reservoir, is higher up the stream than the intake of plaintiff's feeder ditch. Between the two is a mill ditch through which water is taken to furnish power for running mill machinery, and after it is so used the water is turned back into the river at a point above the head-gate of plaintiff's feeder. The plaintiff now insists that after the quantity of water appropriated for the mill ditch accomplished its purpose and was turned back into the stream, it was then appropriated by it before any appropriation thereof was made by the defendant; and that as to such quantity of water, the plaintiff, as against the defendant, has the prior right to its use for storage.

In the case of *Cache la Poudre Reservoir Co.* (this plaintiff) *v. The Water Supply and Storage Co. et al.*, not yet reported, decided at this term, we held upon a demurrer to the complaint that, as between the plaintiff company and defendant in that case (an appropriator on the stream above the head-gate of the mill race intake), the plaintiff was the first appropriator of the mill appropriation after the water again reached the river, and was entitled to the first use of the same when there occurred a temporary or permanent nonuse thereof for motive power. In that case, the owner of the mill ditch was a party, and all of the parties to the litigation conceded the first priority to the mill ditch, and by the demurrer there was an admission that the plaintiff company had made an appropriation of the water discharged from the mill race before the defendant water company had attempted to divert the same.

In the case at bar, however, the owner of the mill appropriation is not a party, and the only question presented or tried is the relative priority of the two reservoirs in question; and the defendant, in argument, at least, maintains that its priority is senior to that of the mill ditch appropria-

tion. The relative rights of the parties to this action to this appropriation after its specific function is performed, were not tried or decided by the court below; and the evidence before us would not warrant any finding upon that issue were it a material one in the case. We refer to this point here so that no misunderstanding of the position of this court may arise. The decision referred to, *supra*, must be confined to the case as then made, or to one of like character. To avoid any possible misinterpretation, we say that in this case the rights of the plaintiff and defendant reservoir companies to the use of the mill appropriation in the case of nonuse or abandonment thereof by its owner are not involved, and the reservoir priorities which have been determined here in no wise depend upon, or are affected by, the relative rights of these parties with respect to the so-called mill appropriation after the same has been used for power purposes.

It follows that the judgment of the district court is affirmed.

*Affirmed.*